## GEORGE R. ARCHER *et al.*

*v.*

## WILLIAM CLAFLIN *et al.*

PLEADING · AND EVIDENCE—*variance.* Where a declaration upon a promissory note describes the instrument sued upon as bearing a particular date, corresponding with the date of the original note offered in evidence, there is no variance, although that which was filed with the declaration as a copy, purported to be of a different date.

WRIT OF ERROR to the Circuit Court of Henderson county; the Hon. JOHN S. THOMPSON, Judge, presiding.

Claflin, Allen and Emmerson, the defendants in error, instituted an action of assumpsit in the court below, against the plaintiffs in error, declaring specially upon a promissory note.

The principal features of the case, and the questions of law involved, are the same as in the preceding case; it is therefore unnecessary to repeat them here.

In this case, however, the question was presented whether there was not a variance between the note as described in the declaration and that upon which the damages were assessed.

The declaration described the note sued upon as bearing date on the 3rd of November, 1856; the copy, or that which was filed with the declaration as a copy of the note sued upon, bore date as of the year 1860. But the original note which was offered in evidence upon the assessment of damages, corresponded in date with that described in the declaration.

Judgment was entered against the defendants below, upon which they prosecute this writ of error.

Messrs. WEAD & POWELL, for the plaintiffs in error.

Mr. M. WILLIAMSON, for the defendants in error.

Mr. JUSTICE BREESE delivered the opinion of the Court.

This case does not differ, in any essential particulars, from the preceding case. The objection, that there was a variance between the note described in the declaration, and the one on which the damages were assessed, has no foundation in fact.

The copy of the note, it is true, bore the date of 1860, but the note itself was dated in 1856, and was so described in the declaration. And on such note the damages were assessed by the clerk.

There is no error that we can discover in this record. The judgment must be affirmed.

*Judgment affirmed.*